## Commonwealth ex rel. United Cigar Stores Co. v. Board of Revision of Taxes.

*Taxation — Landlord and tenant — Right of lessee to appeal from tax assessment—Act of March 14, 1865.*

A lessee who has covenanted to pay the taxes on the demised premises is not a "taxpayer" who is entitled as such to appeal from an assessment of taxes on such premises under the Act of March 14, 1865, P. L. 320.

Motion to supersede or quash writ of alternative mandamus. C. P. No. 1, Phila. Co., Dec. T., 1922, No. 10035.

*Wolf, Patterson, Block & Schorr*, for plaintiff.

*M. R. Longstreth*, Assistant City Solicitor, and *D. J. Smyth*, City Solicitor, for defendant.

SHOEMAKER, P. J., June 7, 1923.—The relator in its petition avers that it is the tenant of Nos. 1201-1203 Market Street, assessed at $1,000,000, which it believes is higher than the assessment of other properties of equal value in the neighborhood.

That by the terms of its lease it must pay, in addition to the yearly rental of $37,500, the taxes which may be assessed against the demised premises, the lessors being authorized in default of such payment to pay the same and recover the costs thereof as part of the rent, or to levy the same as rent, or to terminate the lease and enter an amicable action in ejectment, &c.

That, therefore, it is a "taxpayer," and as such entitled to be heard on an appeal from an assessment of the demised premises under the Act of March 14, 1865, § 1, P. L. 320.

That the Board of Revision refused to entertain its appeal on the ground that as a tenant it did not come within the purview of the appealing statutes, and, therefore, it filed this petition.

The city moved to supersede or quash on the ground that petitioner was not entitled to be heard, being a tenant and not an owner.

This case was ably presented by the respective counsel, and the very full briefs have been carefully examined. From a due consideration of the only question involved, namely, the right of the relator to appeal from the assessment of the property for the purposes of taxation, and of which he is a tenant under a lease requiring the tenant to pay the taxes, we are forced to the conclusion that relator has no such right, which right depends entirely upon statutory enactments.

A careful consideration of the statutes makes it clear that the owner of the property is the only one given a right to question an assessment by appeal, and that the taxpayer therein referred to does not embrace a tenant.

The city cannot collect the taxes due on the property from the tenant bcause he may be liable to the owner under the lease. There is no contractual relation between the city and the tenant, and the former can only collect from the tenant because of his relation to the owner as such, and then only for the amount due the owner as rent.

It is true that the tenant under such a lease is affected because of the covenants in his lease, but he could have protected himself from such a situation if he had required the landlord, by the terms of the lease, to make the appeal if requested by the tenant. The position of a landlord and tenant's interest conflicting would not then appear as it may in cases like the one at bar and require the Board of Revision of Taxes to decide between them,

although the standard by which assessments should be made is the marketable value of the property.

The motion of the Board of Revision of Taxes to supersede the writ of alternative mandamus is granted and the writ is quashed.